# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MARCO LOPEZ-JAIMES,**

        **Petitioner,**

**v.**                                                                   **Civil Action No. 3:23-CV-92**
                                                                          **(GROH)**

**R. BROWN,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

On November 23, 2022, Petitioner, then an inmate at FCI Gilmer, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition").  ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.  For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to Case No. 3:23-CV-92, unless otherwise noted.

## II. PROCEDURAL HISTORY

### A. Conviction and Sentence in the Northern District of Texas[2]

On March 6, 2018, an indictment was returned in the Northern District of Texas, case number 3:18-CR-128, which charged Petitioner and two co-defendants with conspiracy to possess with intent to distribute five kilograms or more of cocaine. ECF No. 1. On October 19, 2018, Petitioner was found guilty by a jury of Count 1 of the indictment, with a finding that the quantity was less than five kilograms but more than 500 grams. ECF No. 98. On February 11, 2019,[3] Petitioner was sentenced to 78 months of incarceration for Count 1, followed by four years of supervised release. ECF No. 137. The judgment further provides the following special conditions of supervision:

> As a condition of supervised release, upon the completion of the sentence of imprisonment, the defendant shall be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq. As a further condition of supervised release, if ordered deported or removed, the defendant shall remain outside the United States.
>
> In the event the defendant is not deported upon release from imprisonment, the defendant shall comply with the standard conditions contained in this Judgment and shall comply with the mandatory and special conditions stated herein.

Id. See also N.D.W.V. 3:23-CV-92, ECF No. 8-1[4] at 5.

---

[2] All CM/ECF references in Sections II.A. and II.B, unless otherwise noted, refer to entries in the docket of Criminal Action No. 3:18-CR-128, from the Northern District of Texas, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] Sentence was imposed on February 11, 2019, but an amended order of judgment was executed and filed with the Clerk on February 20, 2019. ECF No. 137.

[4] The document attached as Exhibit 8-1 is the judgment order entered on February 15, 2019 [ECF No. 135], not the amended judgment entered on February 20, 2019 [ECF No. 137]. Notwithstanding that fact, the special conditions of supervision on page 5 of each document is identical.

2

### B. Appeal to the Court of Appeals for the Fifth Circuit

Petitioner appealed to the Fifth Circuit Court of Appeals on February 25, 2019. ECF No. 138. By order entered on March 25, 2019, the Fifth Circuit dismissed the appeal for want of jurisdiction. ECF No. 141.

### C. Instant Habeas Corpus Proceedings

On April 3, 2023, Petitioner filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with an exhibit in support thereof. ECF Nos. 1, 1-1. The petition alleges that Petitioner's time credits under the First Step Act (FSA) have been improperly calculated by the BOP. ECF No. 1 at 5. Petitioner asserts that he is not under an order of removal, and thus is eligible for and should receive sentence credits under the FSA. Id. Petitioner contends his administrative remedy requests were ignored. Id. at 7 – 8. As relief, Petitioner requests that the Court "order BOP to apply appropriate sentence credits", and order Petitioner's release from BOP custody. Id. at 8.

On May 9, 2023, Respondent filed a motion to dismiss and a memorandum and exhibits in support thereof. ECF Nos. 8, 8-1 through 8-2. Respondent contends that: (1) Petitioner is not eligible to earn and apply FTC because he is subject to a final order of removal pursuant to a DHS detainer[5], a copy of which was attached as an exhibit [ECF

---

[5] The exhibit is a Department of Homeland Security "Immigration Detainer - Notice of Action", dated February 14, 2023, concerning "Lopez-Jaimes, Marco Antonio AKA: Lopez, Marco", which provides that:

> DHS has determined that probable cause exists that the subject is a removable alien. This determination is based on . . . a final order of removal against the alien; the pendency of ongoing removal proceedings against the alien; [and] biometric confirmation of the alien's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the alien either lacks immigration status or notwithstanding such status is removable under US immigration law[.]

ECF No. 8-2. The exhibit does not contain: (1) a final order of removal against the Petitioner; (2) documents or records from an ongoing removal proceeding against the Petitioner; or (3) records which show biometric confirmation of the Petitioner's identity or a records check that the Petitioner

3

Nos, 8 at 3 – 4. 8-2]; and (2) Petitioner's challenge to his detainer is not reviewable by this Court, because Fourth Circuit case law has "expressly eliminate[d] district courts' habeas jurisdiction over removal orders." (quoting Fernandez v. Keisler, 502 F.3d 337, 346 (4th Cir. 2007) [Id. at 4 – 5].

Petitioner then filed a response in opposition to the motion to dismiss on June 5, 2023. ECF Nos. 11. Petitioner contends that he is entitled to sentence credit under the First Step Act, and that he exhausted his administrative remedies. Id. Further, Petitioner asserts that "Respondent has misrepresented a mere administrative status at the Department of Homeland Security as an order of removal. This is an outrageous and dishonest attempt to mislead the court." Id.

### III. LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### IV. ANALYSIS

The Petitioner, federal inmate number 57013-177, filed a habeas corpus claim pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 2241(c)(1), "The writ of habeas

---

either lacks immigration status or notwithstanding such status is removable under U.S. immigration law. Id.

corpus shall not extend to a prisoner unless—(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." According to the BOP Inmate Locator service[6], Petitioner was released from custody on October 12, 2023.

This Court lacks jurisdiction because Petitioner is no longer in custody of the United States. In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94–95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." See also Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). Because this court lacks jurisdiction, this court cannot entertain the petition.

## V. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 petition [ECF No. 1] be **DENIED and DISMISSED WITH PREJUDICE**. It is further **RECOMMENDED** that the Respondent's motion to dismiss [ECF No. 8] be **TERMINATED as MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten

---

[6] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation by certified mail return receipt requested, to the Petitioner at his last known address listed on the docket sheet, and to any counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 1, 2023

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE